UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION
CIVIL ACTION NO. 4:19-CV-00012-HBB

DERRICK L. THAXTON                                                                                              PLAINTIFF

VS.

ANDREW SAUL, COMMISSIONER
SOCIAL SECURITY ADMINISTRATION[1]                                                          DEFENDANT

## MEMORANDUM OPINION AND ORDER

### BACKGROUND

Before the Court is the complaint (DN 1) of Derrick L. Thaxton ("Plaintiff") seeking judicial review of the final decision of the Commissioner pursuant to 42 U.S.C. § 405(g). Both the Plaintiff (DN 12) and Defendant (DN 18) have filed a Fact and Law Summary. For the reasons that follow, the final decision of the Commissioner is **AFFIRMED**, and judgment is **GRANTED** for the Commissioner.

Pursuant to 28 U.S.C. § 636(c) and Fed.R.Civ.P. 73, the parties have consented to the undersigned United States Magistrate Judge conducting all further proceedings in this case, including issuance of a memorandum opinion and entry of judgment, with direct review by the Sixth Circuit Court of Appeals in the event an appeal is filed (DN 10). By Order entered April

---

1 Andrew Saul is now the Commissioner of Social Security and is automatically substituted as a party pursuant to Fed.R.Civ.P. 25(d). *See also* Section 205(g) of the Social Security Act, 42 U.S.C. § 405(g) (action survives regardless of any change in the person occupying the office of Commissioner of Social Security).

18, 2019 (DN 11), the parties were notified that oral arguments would not be held unless a written request therefor was filed and granted. No such request was filed.

FINDINGS OF FACT

In April 2014, Plaintiff protectively filed applications for Disability Insurance Benefits and Supplemental Security Income Benefits (Tr. 14, 178-80, 181-87, 188-89, 190-97). Plaintiff alleged that he became disabled on March 15, 2013 because of the following impairments: bipolar disorder, diabetes, posttraumatic stress disorder (PTSD), anxiety, major depressive disorder, alcohol dependence, hypertension, obesity, right knee injury, and obsessive-compulsive disorder (OCD) (Tr. 14, 214). On August 14, 2014, Administrative Law Judge Mary S. Lassy (ALJ Lassy) conducted a video hearing from Paducah, Kentucky (Tr. 14, 31-33). Plaintiff and his attorney, Steve Wilson, participated from Owensboro, Kentucky (Id.). Kenneth Boaz, an impartial vocational expert, appeared and testified during the hearing (Id.).

In a decision dated September 24, 2014, ALJ Lassy evaluated this adult disability claim pursuant to the five-step sequential evaluation process promulgated by the Commissioner (Tr. 14-25). At the first step, the ALJ found Plaintiff has not engaged in substantial gainful activity since March 15, 2013, the alleged onset date (Tr. 16). At the second step, the ALJ determined that Plaintiff has the following severe impairments: bipolar disorder, anxiety disorder, and a history of alcohol dependence (Id.). At the third step, the ALJ concluded that Plaintiff does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in Appendix 1 (Tr. 16-17).

At the fourth step, ALJ Lassy found Plaintiff has the residual functional capacity (RFC) to perform a full range of work at all exertional levels but with the following non-exertional

2

limitations: can understand, remember, and carry out simple and occasional detailed instructions; can sustain attention for simple and occasional detailed tasks; can interact with coworkers and supervisors occasionally, but unable to interact with the general public; can adapt to stress in an object oriented work setting, but is unable to perform fast-paced or quota based work; and should avoid concentrated exposure to work at unprotected heights and around hazardous machinery (Tr. 18). Relying on testimony from the vocational expert, the ALJ found that Plaintiff is unable to perform any of his past relevant work (Tr. 23).

ALJ Lassy proceeded to the fifth step where he considered Plaintiff's residual functional capacity, age, education, and past work experience as well as testimony from the vocational expert (Tr. 23-24). The ALJ found that Plaintiff is capable of performing a significant number of jobs that exist in the national economy (Id.). Therefore, ALJ Lassy concluded that Plaintiff has not been under a "disability," as defined in the Social Security Act, from March 15, 2013, through the date of the decision, September 24, 2014 (Tr. 25).

Plaintiff timely filed a request for the Appeals Council to review the ALJ's decision (Tr. 7-8). The Appeals Council denied Plaintiff's request for review (Tr. 1-4).

On February 26, 2016, Plaintiff filed a complaint before the Court (DN 1, Civil Action No. 4:16-CV-00025-JHM-HBB). After considering the arguments of Plaintiff and the Commissioner, the undersigned magistrate judge recommended that judgment be granted for Plaintiff and the case be remanded pursuant to sentence four of 42 U.S.C. § 405(g) for further proceedings (DN 13, 14, 15). More specifically, the undersigned concluded ALJ Lassy's assignment of weight to the opinions of Dr. Veeravalli and Marcy E. Walpert, M.A., was not supported by substantial evidence in the record and did not comport with applicable law (DN 15).

The District Judge adopted the undersigned's recommendation, reversed the final decision of the Commissioner, and remanded the case to the Commissioner for further proceedings (DN 16, 17). The Appeals Council then remanded the case to an Administrative Law Judge (Tr. 635).

On June 9, 2018, Administrative Law Judge Stacey L. Foster ("ALJ Foster") conducted a video hearing from Paducah, Kentucky (Tr. 534, 561-63). Plaintiff and her attorney, Stephen Wilson, participated from Owensboro, Kentucky (Id.). Kenneth Boaz, an impartial vocational expert, also testified during the hearing (Id.).

In a decision dated October 3, 2018, ALJ Foster evaluated this adult disability claim pursuant to the five-step sequential evaluation process promulgated by the Commissioner (Tr. 534-553). At the first step, ALJ Foster found that Plaintiff has not engaged in substantial activity since March 15, 2013, the alleged onset date (Tr. 536). At the second step, the ALJ determined that Plaintiff has the following severe impairments: bipolar disorder, anxiety disorder, and alcohol use disorder (Id.). At the third step, ALJ Foster found that Plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in Appendix 1 (Tr. 537).

At the fourth step, the ALJ determined that Plaintiff has the RFC to perform a full range of work at all exertional levels but with the following non-exertional limitations: can understand, remember, and carry out simple instructions and procedures involving brief initial learning periods of 30 days or less; can maintain concentration, persistence, and pace for simple tasks involving little or no independent judgment and minimal variation; can tolerate occasional interaction with co-workers and supervisors but should have no interaction with the general public; and any changes in the work routine or environment should be rare and gradually introduced (Tr. 539).

Relying on testimony from the vocational expert, the ALJ found that plaintiff is unable to perform any of his past relevant work (Tr. 551).

ALJ Foster proceeded to the fifth step where she considered Plaintiff's residual functional capacity, age, education, and past work experience as well as testimony from the vocational expert (Tr. 552-53). The ALJ found that Plaintiff can perform a significant number of jobs that exist in the national economy (Tr. 553). Therefore, ALJ Foster concluded that Plaintiff has not been under a "disability," as defined in the Social Security Act, from March 15, 2013, through the date of the decision, October 3, 2018 (Id.).

On February 1, 2019, Plaintiff filed a complaint before the Court (DN 1). Plaintiff again challenges the assignment of weight to the opinion of Dr. Veeravalli (DN 12).

## CONCLUSIONS OF LAW

### Standard of Review

Review by the Court is limited to determining whether the findings set forth in the final decision of the Commissioner are supported by "substantial evidence," 42 U.S.C. § 405(g); Cotton v. Sullivan, 2 F.3d 692, 695 (6th Cir. 1993); Wyatt v. Sec'y of Health & Human Servs., 974 F.2d 680, 683 (6th Cir. 1992), and whether the correct legal standards were applied. Landsaw v. Sec'y of Health & Human Servs., 803 F.2d 211, 213 (6th Cir. 1986). "Substantial evidence exists when a reasonable mind could accept the evidence as adequate to support the challenged conclusion, even if that evidence could support a decision the other way." Cotton, 2 F.3d at 695 (quoting Casey v. Sec'y of Health & Human Servs., 987 F.2d 1230, 1233 (6th Cir. 1993)). In reviewing a case for substantial evidence, the Court "may not try the case *de novo*, nor resolve conflicts in

evidence, nor decide questions of credibility." Cohen v. Sec'y of Health & Human Servs., 964 F.2d 524, 528 (6th Cir. 1992) (quoting Garner v. Heckler, 745 F.2d 383, 387 (6th Cir. 1984)).

The parties agree that ALJ Foster's decision is the final decision of the Commissioner and is subject to judicial review as provided in 42 U.S.C. §§ 405(g). 42 U.S.C. § 1383(c)(3). Thus, the Court will be reviewing ALJ Foster's decision and the evidence in the administrative record when she rendered her decision. 42 U.S.C. § 405(g); 20 C.F.R. § 404.981; Cline v. Comm'r of Soc. Sec., 96 F.3d 146, 148 (6th Cir. 1996); Cotton v. Sullivan, 2 F.3d 692, 695-696 (6th Cir. 1993).

The Commissioner's Sequential Evaluation Process

The Social Security Act authorizes payment of Disability Insurance Benefits and Supplemental Security Income to persons with disabilities. 42 U.S.C. §§ 401 et seq. (Title II Disability Insurance Benefits), 1381 et seq. (Title XVI Supplemental Security Income). The term "disability" is defined as an

> [I]nability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve (12) months.

42 U.S.C. §§ 423(d)(1)(A) (Title II), 1382c(a)(3)(A) (Title XVI); 20 C.F.R. §§ 404.1505(a), 416.905(a); Barnhart v. Walton, 535 U.S. 212, 214 (2002); Abbott v. Sullivan, 905 F.2d 918, 923 (6th Cir. 1990).

The Commissioner has promulgated regulations setting forth a five-step sequential evaluation process for evaluating a disability claim. *See* "Evaluation of disability in general," 20 C.F.R. §§ 404.1520, 416.920. In summary, the evaluation proceeds as follows:

1) Is the claimant engaged in substantial gainful activity?

2) Does the claimant have a medically determinable impairment or combination of impairments that satisfies the duration requirement and significantly limits his or her ability to do basic work activities?

3) Does the claimant have an impairment that meets or medically equals the criteria of a listed impairment within Appendix 1?

4) Does the claimant have the residual functional capacity to return to his or her past relevant work?

5) Does the claimant's residual functional capacity, age, education, and past work experience allow him or her to perform a significant number of jobs in the national economy?

Here, the ALJ denied Plaintiff's claim at the fifth step.

Plaintiff's Challenge to ALJ Foster's Decision

Plaintiff argues the RFC determination in Finding No. 5 is not supported by substantial evidence in the record because ALJ Foster failed to assign proper weight to Dr. Veeravalli's opinion (DN 12 PageID # 1304-08). More specifically, ALJ Foster failed to follow applicable law when she gave "little weight" to the August 2014 opinion (Id. citing Tr. 544, 549-50). For example, instead of pointing to specific reasons why the medical opinion should be afforded "little weight," ALJ Foster highlighted random instances of Plaintiff intermittently going to the store or gas station by himself or with a family member (Id.). Additionally, Plaintiff asserts that ALJ Foster ignored the diagnostic opinions of treating and examining sources (Id.). Plaintiff accuses ALJ Foster of instead focusing on their comments indicating Plaintiff presented with a eurythmic mood, normal affect, and normal behavior or was calm and had good eye contact or was

cooperative with normal speech and normal thought processes (Id.). Plaintiff argues that his ability to visit a convenience store by himself a few times per month or behave normally during a doctor's appointment does not equate to an ability to perform substantial gainful activity (Id.). Plaintiff indicates the records, covering more than five years of mental health treatment, do not paint a picture of an individual who can perform substantial gainful activity as ALJ Foster concluded (Id.). Rather, the records reflect that Plaintiff has experienced marked and extreme functional limitations for a period far greater than 12 months (Id.). Plaintiff contends the more than five years of medical records support a finding that his subjective allegations are credible (Id.).

Defendant asserts that substantial evidence supports ALJ Foster's assignment of weight to Dr. Veeravalli's opinion (DN 18 PageID # 1324-34). Defendant contends that ALJ Foster gave the opinion "little weight" because it was inconsistent with and unsupported by the evidence of record, including the doctor's own treatment notes, other treatment and examination records, and Plaintiff's reported activities (Id.). For example, Dr. Veeravalli's treatment notes occasionally mention that Plaintiff presented with a depressed or anxious mood (Id.). But the treatment notes repeatedly reported normal behavior, appropriate attention and concentration, and a goal-directed thought processes (Id. citing Tr. 498-510, 513-19). Additionally, the treatment notes showed positive results when Plaintiff took his prescribed medications and abstained from alcohol consumption (Id. citing Tr. 503, 505, 507, 509-10, 518-19). Moreover, Dr. Veeravalli's treatment notes after August 2014 described Plaintiff's mental condition as stable, mild, and controlled with medication as well as note that Plaintiff was cooperative, had goal-directed thought processes, appropriate attention and concentration, and an intact memory (Id. citing Tr. 816-1086).

Defendant also points out that Dr. Veeravalli's opinion was inconsistent with observations during a December 2013 physical examination (Tr. 495) and treatment records from Owensboro Regional Health Hospital (Tr. 762, 776, 784, 808, 1091, 1096, 1102-03, 1106, 1208, 1215, 1216, 1233, 1242). Defendant contends that Plaintiff testified he would have been mentally able to continue working as a towboat captain if his certification had not been revoked by the Coast Guard based on his history and treatment for alcoholism, rather than his other medically determinable impairments that were deemed disqualifying due to a lack of additional information (Id. citing Tr. 34-35, 511-12, 548, 550, 580). Further, Dr. Veeravilli's opinion was inconsistent with Plaintiff's reported activities (Id. Tr. 253-54, 255, 256, 522-23, 525, 550, 823, 828, 831, 834, 844, 847, 855, 858, 887). Defendant asserts the fluctuating Global Assessment of Function (GAF) scores in the record substantiate ALJ Foster's conclusion that Plaintiff has not experienced marked or extreme functional limitations for a continuous 12 month period since the alleged onset date (Id. citing Tr. 434, 435, 482, 501, 1186). Defendant contends that ALJ Foster appropriately considered factors such as supportability, consistency, and other factors such as Plaintiff's activities when she provided "good reasons" for the weight assigned to Dr. Veeravilli's opinion (Id. citing 20 C.F.R. §§ 404.1527(c)(3), (c)(4), (c)(6)).

The residual functional capacity finding is the Administrative Law Judge's ultimate determination of what a claimant can still do despite his or her physical and mental limitations. 20 C.F.R. §§ 404.1545(a), 404.1546, 416.945(a), 416.946. The Administrative Law Judge makes this finding based on a consideration of medical source statements and all other evidence in the case record. 20 C.F.R. §§ 404.1529, 404.1545(a), 404.1546, 416.929, 416.945(a), 416.946. Thus, in making the residual functional capacity finding the Administrative Law Judge must

9

necessarily assign weight to the medical source statements in the record and assess the claimant's subjective allegations. 20 C.F.R. §§ 404.1527(c), 404.1529, 416.927(c), 416.929.

The Sixth Circuit has provided the following comprehensive explanation regarding the standards for weighing treating source opinions:

> Treating-source opinions must be given "controlling weight" if two conditions are met: (1) the opinion "is well-supported by medically acceptable clinical and laboratory diagnostic techniques"; and (2) the opinion "is not inconsistent with the other substantial evidence in [the] case record." 20 C.F.R. § 404.1527(c)(2). If the Commissioner does not give a treating-source opinion controlling weight, then the opinion is weighed based on the length, frequency, nature, and extent of the treatment relationship, *id.*, as well as the treating source's area of specialty and the degree to which the opinion is consistent with the record as a whole and is supported by relevant evidence, *id.* § 404.1527(c)(2)-(6).
>
> The Commissioner is required to provide "good reasons" for discounting the weight given to a treating-source opinion. *Id.* § 404.1527(c)(2). These reasons must be "supported by the evidence in the case record, and must be sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reasons for that weight." Soc. Sec. Rul. No. 96–2p, 1996 WL 374188, at *5 (Soc. Sec. Admin. July 2, 1996). This procedural requirement "ensures that the ALJ applies the treating physician rule and permits meaningful review of the ALJ's application of the rule." *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 544 (6th Cir.2004).

Gayheart v. Comm'r of Soc. Sec., 710 F.3d 365, 376 (6th Cir. 2013).

ALJ Foster provided a comprehensive and accurate summary of the evidence in the record (Tr. 537-39, 540-51). The pertinent part of her decision reads as follows:

> Three months later in August 2014, Dr. Veeravalli opined the claimant had marked limitations in the ability to interact appropriately with the public, supervisors, and coworkers as well as marked limitations in the ability to respond appropriately to unusual work situations and to changes in a routine work setting. Dr.

Veeravalli opined that the claimant's symptoms of anxiety, PTSD, and agoraphobia made it "nearly impossible for him to interact with the public" and to generally have "difficulty interacting with anyone outside his home." She opined that the claimant's anxiety caused him to have "extreme difficulty" leaving his home and that the claimant's paranoia and panic attacks severely limited his ability to function outside of his home. Dr. Veeravalli concluded the claimant could be expected to miss work at least three days per month, if he were to return to work (Exhibit 16F). Again, I note that the Administration's failure to adequately justify the weight assigned to Dr. Veeravalli's August 2014 treating source opinion is the primary basis for the remand by [sic] ordered by the federal court (Exhibits 12A and 15A). Following a detailed review of Dr. Veeravalli's treatment records, I find the severity of the marked limitations opined is inconsistent with the relatively unremarkable mental status findings reported by Dr. Veeravalli. Although she occasionally noted the claimant presented with depressed or anxious mood, Dr. Veeravalli repeatedly noted the claimant remained cooperative with normal speech, normal motor activity, and normal behavior throughout all examinations (Exhibits 12 F and 14 F). Although I am persuaded that the claimant's tolerance for social interactions and other stressors is very limited, I am not persuaded by Dr. Veeravalli's treatment records dated through August 2014, or by any of the subsequent treatment records that show the claimant's functioning gradually improved with treatment, that the claimant has experienced marked or extreme functional limitations for a continuous 12-month period since the alleged onset date. Therefore, I give little weight to Dr. Veeravalli's opinion.

. . .

In finding the claimant retains the ability to perform full-time sustained work activity, I have thoroughly considered the medical opinions of record. As previously explained, I give little weight to the opinions of consultative psychological examiner Marcy Walpert, M.A., (Exhibit 7F) and treating psychologist Snehamala Veeravalli, M.D. (Exhibit 16F) because the mental health treatment record fails to show the claimant has experienced the severity of the limitations opined by Ms. Walpert and Dr. Veeravalli for a consecutive 12-month period since the alleged onset date. However, I give great weight to the opinion of state agency psychological consultants Jill Rowan, Ph.D., and Ed Ross, Ph.D., both of home opined the claimant has no greater than moderate work-related mental

> impairments (Exhibits 1A, 2A, 5A, and 6A). I find the state agency mental assessment is consistent with therapy notes documenting the claimant's improved functioning with medications, therapy, and sobriety. . . .

(Tr. 549-50, 551).

Notably, ALJ Foster did not expressly address whether Dr. Veeravalli's opinion was entitled to "controlling weight." The Sixth Circuit has indicated it will not hesitate to remand when it encounters decisions from Administrative Law Judges that do not comprehensively set forth the reasons for the weight assigned to a treating physician's opinion. Cole, 661 F.3d at 939 (citations omitted). However, a violation of this procedural requirement can be deemed "harmless error" if one of the following requirements is satisfied:

> (1) a treating source's opinion is so patently deficient that the Commissioner could not possibly credit it; (2) if the Commissioner adopts the opinion of the treating source or makes findings consistent with the opinion; or (3) where the Commissioner has met the goal of § 1527(d)(2) ... even though she has not complied with the terms of the regulation.

Id. at 940. The first and second requirements are not applicable in this case. Therefore, the undersigned will focus on whether the third requirement is satisfied.

Although ALJ Foster's decision did not make an explicit finding on the question of controlling weight, it does set forth a finding that Dr. Veeravalli's opinion is not consistent with other substantial evidence in the record (20 C.F.R. §§ 404.1527(c)(4), 416.927(c)(4)). Thus, she provided a sufficient reason for concluding that Dr. Veeravalli's opinion did not meet the second prong of the "controlling weight" test. See 20 C.F.R. §§ 404.1527(c)(2), 416.927(c)(2). Further, ALJ Foster gave "good reasons" for her conclusion.

After implicitly concluding that Dr. Veeravalli's opinion is not entitled to "controlling weight," ALJ Foster expressly addressed the question of how much weight it should receive. Contrary to Plaintiff's assertion, ALJ Foster provided "good reasons" why she believed that Dr. Veeravalli's medical opinion should be afforded "little weight." Her "good reasons" indicate she appropriately considered supportability, consistency, and other factors such as Plaintiff's activities. *See* 20 C.F.R. §§ 404.1527(c)(3), (c)(4), (c)(6) and 416.927(c)(3), (c)(4), (c)(6). While Plaintiff has identified evidence supporting his argument, the issue is whether ALJ Foster's finding is based on substantial evidence in the record. *See* Gayheart, 710 F.3d at 374 ("A reviewing court will affirm the Commissioner's decision if it is based on substantial evidence, even if substantial evidence would also have supported the opposite conclusion."). After a thorough review of the evidence in the administrative record, the court concludes that substantial evidence in the record supports ALJ Foster's assignment of "little weight" to the medical opinion. Further, her assignment of "little weight" to Dr. Veeravalli's opinion comports with applicable law.

ORDER

**IT IS HEREBY ORDERED** that the final decision of the Commissioner is **AFFIRMED**.

**IT IS FURTHER ORDERED** that judgment is **GRANTED** for the Commissioner.

Copies:    Counsel